**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

<table>
<tr><td>

F2E HOLDINGS LLC

 *ex rel.*

MISSION INTEGRATED TECHNOLOGIES, LLC,

 Plaintiff,

  v.

TIMOTHY G. CLEMENTE &
JOSHUA CLEMENTE,

  Defendants.

</td><td>

Case No. _____

(Removed from the Circuit Court for Fairfax County, Case CL-2023-0014661)

</td></tr>
</table>

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §1454, Defendant Joshua Clemente, through undersigned counsel, notices the removal of the civil action docketed as *F2E Holdings LLC ex rel. Mission Integrated Technologies, LLC v. Timothy G. Clemente and Joshua Clemente*, Case No. CL-2023-0014661, in the Circuit Court for Fairfax County, Virginia.

Removal is warranted under 28 U.S.C. § 1454, which states that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents…may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a). On November 24, 2023, Joshua Clemente filed a counterclaim for patent infringement in response to related claims and allegations made by the Plaintiff in the pending state court action. He now removes this case pursuant to 28 U.S.C. §1454 based on the presence of claims arising under the federal Patent Act, 35 U.S.C. §§1 *et seq.*

1

## I.    Procedural history

1.    On October 16, 2023, Plaintiff filed a complaint captioned *F2E Holdings LLC ex rel. Mission Integrated Technologies, LLC v. Timothy G. Clemente and Joshua Clemente* in the Circuit Court for Fairfax County, Virginia. A copy of that complaint and its supporting exhibits is attached as Exhibit 1.

2.    Defendant Joshua Clemente was served with the complaint on November 3, 2023. Exhibit 2 (affidavit of service).

3.    Joshua Clemente answered the complaint on November 24, 2023 and filed a counterclaim for patent infringement with his answer. Exhibit 3 (J. Clemente Answer and Counterclaim).

## II.    Removal is proper based on Joshua Clemente's counterclaim for patent infringement

4.    Joshua Clemente now removes this action to federal court based on 28 U.S.C. §1454, which permits "any party [who] asserts a claim for relief arising under any Act of Congress relating to patents" to remove the action to district court. 28 U.S.C. § 1454(a).

5.    Congress enacted 28 U.S.C. § 1454 as part of the 2011 Leahy-Smith America Invents Act. The purpose of 28 U.S.C. § 1454 and related amendments was to broaden federal jurisdiction to include cases where patent or copyright claims are asserted in a counterclaim, creating an exception to the usual rule that a federal counterclaim does not provide a basis for removal to federal court. *See Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015) (Congress "intended to provide federal courts…with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent laws *even* when asserted in counterclaims, rather than in an original complaint."); *Andrews v. Daughtry*, 994 F. Supp. 2d 728, 731–32 (M.D.N.C. 2014) (explaining the 2011 America Invents Act "added a new removal

statute, which allows '*any party* [who] asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights' to remove that case to federal court.") (quoting 28 U.S.C. § 1454(a)).

6.      Removal of this case is appropriate because Joshua Clemente filed a counterclaim for patent infringement on November 24, 2023. Federal courts have original jurisdiction over claims brought under the Patent Act. 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents" and "[n]o state court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents"). Pursuant to 28 U.S.C. § 1454, any party may remove an action to federal court when, as here, a party asserts a claim for relief arising under the Patent Act.

**III.     The complaint itself also raises claims that present a substantial question of federal patent law**

7.      Joshua Clemente's patent infringement counterclaim provides a straightforward basis for removal, since it explicitly states a claim based on federal patent law, but Plaintiff's own claims raise substantial issues of federal patent law as well.

8.      Plaintiff chose not to explicitly assert patent law claims in its complaint, but the complaint nonetheless repeatedly addresses issues of patent law.

9.       The complaint brings claims against Joshua Clemente for misappropriation of trade secrets (Count II), business conspiracy (Count III), unjust enrichment (Count IV), and breach of contract (Count VI). Complaint (Exhibit 1 hereto) at pp. 21-26. Those claims all relate to Joshua Clemente's invention of the novel vehicle-mounted elevated access system described in U.S. Patent No. 11,174,677 ("the '677 Patent"). *See* Complaint Exhibit H (the '677 Patent); Complaint Exhibit G (application for the '677 Patent).

10.     Plaintiff Mission Integrated Technologies, LLC ("MIT") markets a vehicle-based assault and rescue system called ARES. *See* Complaint ¶ 3 ("MIT's primary product is the Articulating Rapid Entry System ('ARES'), a vehicle-mounted articulating stairway capable of delivering response forces quickly and precisely during crisis scenarios").

11.     The ARES product currently marketed by Plaintiff MIT is covered by the claims of the '677 Patent, and the existence of that patent is central to Plaintiff's claims against both Joshua Clemente and his father, Co-Defendant Timothy Clemente.

12.     In support of its claim for unjust enrichment, for example, Plaintiff alleges that "Josh filed a patent application in which he falsely represented that he was the sole inventor of the ARES design." Complaint ¶ 132. Plaintiff also alleges that the patent application filed by Joshua Clemente "contained numerous deficiencies that are likely to invalidate the ARES patent." Complaint ¶ 65.

13.     The Federal Circuit has explained that: "Issues of [patent] inventorship, infringement, validity and enforceability present sufficiently substantial questions of federal patent law to support jurisdiction under section 1338(a)." *Bd. of Regents, Univ. of Tex. Sys. v. Nippon Tel. & Tel.,* 414 F.3d 1358, 1363 (Fed. Cir. 2005). The claims asserted by the Plaintiff may thus also support removal to federal court, since they raise issues of patent inventorship and validity. *See*, *e.g.*, Complaint ¶¶ 65 & 132.

14.     Removal is appropriate under 28 U.S.C. § 1454 based on Joshua Clemente's patent infringement counterclaim alone, regardless of the patent law issues raised in the complaint, but the centrality of patent issues in the complaint provides further support for removal to federal court.

**IV.    The court has supplemental jurisdiction over Plaintiff's state law claims**

15.    The court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

16.    A court has supplemental jurisdiction over state law claims in a case alleging a federal cause of action where the claims are so related that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they stem from a "common nucleus of operative facts." *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 116 (4th Cir. 2001) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

17.    Joshua Clemente's counterclaim for patent infringement involves the same core operative facts as Plaintiff's state law claims. Plaintiff's state law claims are based in large part on the '677 Patent, and incorporate many of the defenses that Plaintiff will presumably assert in response to Joshua Clemente's patent infringement claim—including patent invalidity, patent inventorship, and Plaintiff's alleged ownership rights in the '677 Patent. *See*, *e.g.*, Complaint ¶¶ 60-65, 110, & 132-133 and Complaint Exhibits G-J.

18.    For those reasons, supplemental jurisdiction over Plaintiffs state law claims is appropriate under 28 U.S.C. § 1367.

**V.    Removal is timely under 28 U.S.C. § 1446(b)**

19.    Removal under 28 U.S.C. § 1454 is governed by the same time limitations contained in 28 U.S.C. § 1446(b), except that "the time limitations contained in section 1446(b) may be extended at any time for cause shown." 28 U.S.C. § 1454(b)(2).

20.    Here, no extension to the deadlines set by 28 U.S.C. § 1446(b) is needed, because Joshua Clemente moved for removal within 30 days of service of the complaint. *See* 28 U.S.C. § 1446 (b)(1).

21.     The complaint was filed on October 17, 2023, but it was not served on Joshua Clemente until November 3, 2023. Exhibit 2 (affidavit of service). Service of the complaint triggers the 30-day period for removal when removal is based on the complaint. *See Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018) ("[T]he time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear.") (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

22.     This notice of removal is being filed on November 27, 2023, less than 30 days after the complaint was served on Joshua Clemente.

23.     The defendants arguably do not need to file a notice of removal until 30 days from the filing of Joshua Clemente's counterclaim on November 24, 2023, since the counterclaim provides the key basis for removal. The need for removal is arguably clear from the complaint itself as well, however, so the safest course is to seek removal within 30 days of service of the complaint, as Joshua Clemente has done.

24.     Since the earliest possible date triggering the 30-day period to remove this case to federal court is November 3, 2023—when Joshua Clemente was served with the complaint—the notice of removal is timely.

**VI.    All other requirements under 28 U.S.C. § 1446 have been met**

25.     Consent by all defendants is not necessarily required when removal is based on Section 1454. *See*, *e.g.*, *Preston v. Nagel*, 166 F. Supp. 3d 92, 98 (D. Mass. 2016) ("Section 1446 imposes no 'unanimity' requirement when an action is removed under Section 1454"). To avoid any doubt on that issue, however, undersigned counsel contacted Co-Defendant Timothy

6

Clemente via email and confirmed his consent to removal.

26.     Attached with this notice are true and legible copies of all pleadings and affidavits of service filed to date in the Fairfax County Circuit Court proceedings, as listed below.

| Exhibit No. | Description |
|---|---|
| 1 | Complaint and supporting exhibits docketed as *F2E Holdings LLC ex rel. Mission Integrated Technologies, LLC v. Timothy G. Clemente and Joshua Clemente*, Case No. CL-2023-0014661, in the Circuit Court for Fairfax County |
| 2 | Affidavit of service on Joshua Clemente, stating service was made on November 3, 2023 |
| 3 | Joshua Clemente's Answer, Affirmative Defenses, and Counterclaim, filed November 24, 2023 |
| 4 | Affidavit of service on Timothy Clemente, stating service was made on November 2, 2023 |
| 5 | Timothy Clemente's Demurrer and Answer, filed November 27, 2023. |

27.     This notice of removal will also be served on all parties, and promptly filed in Fairfax County Circuit Court after it is filed here, in compliance with 28 U.S.C.A. § 1446(d).

## CONCLUSION

Removal is proper pursuant to 28 U.S.C. § 1454 based on Joshua Clemente's counterclaim for patent infringement for the reasons set forth above.


November 27, 2023                              Respectfully submitted,

                                              Rebecca S. LeGrand, VSB. No. 89859
                                              LeGrand Law PLLC
                                              1100 H Street NW, Suite 1220
                                              Washington, DC 20005
                                              (202) 587-5725
                                              rebecca@legrandpllc.com

                                              Counsel for Defendant Joshua Clemente

7

## CERTFICATE OF SERVICE

I hereby certify that on November 27, 2023, the foregoing Notice of Removal was filed

electronically and sent by electronic mail to the other parties to this action, as follows:


Laurin H. Mills
Brian P. Donnelly
Werther & Mills, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Laurin@werthermills.com
bdonnelly@werthermills.com
**Counsel For Mission Integrated Technologies, LLC**

Timonthy Clemente
498 Fleshman Creek Road
Livingston, MT 59047
timclemente@aol.com
**Pro Se Defendant**


Rebecca S. LeGrand, VSB. No. 89859