# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

|  |  |  |
|---|---|---|
| **F2E HOLDINGS LLC,** *ex rel.* **MISSION INTEGRATED TECHNOLOGIES, LLC,** | ) ) ) ) |  |
| **Plaintiff,** | ) ) | |
| | ) | **1:23cv1608 (LMB/JFA)** |
| **v.** | ) ) | |
| **JOSHUA CLEMENTE,** *et al.,* | ) ) | |
| **Defendants.** | ) ) ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, pursuant to a joint motion, the parties have stipulated that certain discovery material be treated as confidential, on the basis that discovery may involve disclosure of certain confidential, proprietary and business information, the general disclosure thereof may cause annoyance, embarrassment, oppression, or undue burden or expense to the parties.  Pursuant to Fed. R. Civ. P. 26(c), the Court finds good cause exists for the entry of a Protective Order. Accordingly, it is this _____ day of _____, 202__, by the United States District Court for the Eastern District of Virginia, hereby ORDERED:

1.    **Designation of Discovery Materials as Confidential.**  All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Protective Order concerning confidential information, as set forth below:

(a)    Documents or information containing confidential, proprietary and business information ("Confidential Information") are likely to be disclosed or produced during

the course of discovery in this litigation.  To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this litigation, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents."  All documents or discovery responses designated by the producing party as "CONFIDENTIAL," and which are marked or stamped "CONFIDENTIAL," are entitled to confidential treatment as described below.

(b)    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within 7 days after receipt of the transcript.  Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c)    Information or documents designated as confidential under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph 1(d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals) and for the limited circumstances further described in subparagraph 1(d) below.

2

(d)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

(ii)     Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii)     Disclosure may be made to any witness noticed for depositions or designated as trial witnesses, or any witness questioned during a deposition, hearing or at trial. A witness who is not a party or a representative of a party shall be furnished with a copy of this Protective Order before being examined about, or asked to produce, Protected Documents and instructed that the Protected Documents are to be held strictly confidential.

(iv)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged as vendors for the limited purpose of making and/or printing photocopies of documents or hosting of electronic discovery materials.

(v)     Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the litigation.

(vi)     Disclosure may be made as required by law, other court or similar judicial order, or subpoena, after first notifying the designating party and affording such party an opportunity to oppose disclosure by available legal means until such time as such legal means have run their course.

(e)     Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Protective Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Protective Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2.     The parties acknowledge the possibility that certain Confidential documents, things, materials, testimony or other information derived therefrom may contain extremely sensitive information that a party may wish to designate as "Attorneys' Eyes Only."  In the event a party believes good cause exists to designate any information as "Attorneys' Eyes Only," that party shall promptly notify all other parties, and the parties shall attempt to reach an agreement regarding the treatment of such information.  The parties reserve the right to seek a further order from the Court regarding the treatment of such information, if necessary.

4

3.      To the extent that any materials subject to this Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to Local Rule 5 (hereinafter the "Interim Sealing Motion"). Even if the filing party believes that the materials subject to the Protective Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under Paragraph 4 of this Protective Order.

4.      If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)      Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party shall respond in writing to such objection within 7 days, and shall state with particularity the grounds for asserting that the document or information is designated Confidential.  If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)      If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the party challenging the designation may move for a

5

Court Order overturning the Confidential designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute, and the filing of any such document or information must be effectuated in accordance with Paragraph 3 of this Protective Order. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

(c)    The burden of proving the necessity of a Confidential designation remains with the designating party.

5.    Nothing in this Order shall prevent a party from moving for an order providing greater protection pursuant to Fed. R. Civ. P. 26(c) than the protection provided under this Order.

6.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been designated so as to prevent such disclosure, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

7.    No information that is in the public domain or is already known by the receiving party through proper means or is or becomes available to a party from a source other than the party asserting protection, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Protective Order.

8.      The parties shall not designate any information/documents as Confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

9.      This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

10.     This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

11.     Return of Confidential Material at Conclusion of Litigation.  At the conclusion of the litigation, all material treated as confidential under this Protective Order and not received in evidence shall be returned to the originating party.  If the parties so stipulate, the material may be destroyed instead of being returned.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

SO ORDERED.

_____
United States Magistrate Judge

7