IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MISSION INTEGRATED TECHNOLOGIES, LLC,**<br><br>  **Plaintiff,**<br><br>  **v.**<br><br>**JOSHUA R. CLEMENTE, et al.,**<br><br>  **Defendants.** | **Civil Action No.: 1:23-cv-1608 (LMB)(WBP)** |

**TIMOTHY CLEMENTE'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR
<u>ATTORNEY'S FEES, COSTS, AND EXPENSES</u>**

## TABLE OF CONTENTS

**Pages**

I.    INTRODUCTION. ...............................................................................................1

II.   LEGAL STANDARD...........................................................................................2

    A.    The Court Should Award Tim Clemente The Attorney's Fees And Costs
He Incurred In Defending Against Plaintiff's Claims. ...........................................2

        1.    Tim Clemente Is A Prevailing Party Under The Fee Shifting
Provision In MIT's Operating Agreement. .................................................2

    B.    Tim Clemente's Attorney's Fees And Costs Were Reasonably Incurred In
The Defense Of Claims Brought In This Action. ...................................................4

        1.    Tim Clemente's Attorney's And Legal Staff Expended A
Reasonable Number Of Hours Prosecuting This Case. ..............................5

        2.    Tim Clemente's Attorney's And Legal Staff Charged Reasonable
Rates For The Work They Performed...........................................................6

    C.    Tim Clemente's Costs And Expenses Were Reasonably Incurred In The
Defense Of Claims Brought In This Action. ..........................................................9

III.  CONCLUSION....................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blattman v. Siebel*,
  2021 WL 7411946 (D. Del. Aug. 10, 2021) ...............................................................................3

*Blum v. Stevenson*,
  465 U.S. 886 (1984).....................................................................................................................6

*Brandin v. Gottlieb*,
  2000 WL 1005954 (Del. Ch. July 13, 2000)............................................................................3, 4

*Cho v. Joong Ang Daily News Washington, Inc.*,
  2020 WL 1056294 (E.D. Va. Mar. 4, 2020) ..............................................................................7

*Comrie v. Enterasys Networks, Inc.*,
  2004 WL 936505 (Del. Ch. Apr. 27, 2004) ........................................................................3, 4, 9

*Evergreen Sports, LLC v. SC Christmas, Inc.*,
  2013 WL 6834643 (E.D. Va. Dec. 20, 2013) ............................................................................5

*GRT, Inc. v. Marathon GTF Technology, Ltd.*,
  2011 WL 2682898 (Del. Ch. July 11, 2011)..............................................................................3

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983).....................................................................................................................5

*Lillis v. AT&T Corp.*,
  2009 WL 663946 (Del. Ch. Feb. 25, 2009) .............................................................................10

*Mahani v. Edix Media Grp., Inc.*,
  935 A.2d 242 (Del. 2007) ............................................................................................................5

*Owen v. Tavistock Civic Assoc., Inc.*,
  2019 WL 1349656 (Del. Ch. Mar. 26, 2019)..............................................................................3

*Robinson v. Equifax Info. Servs., LLC*,
  560 F.3d 235 (4th Cir. 2009) ......................................................................................................5

*Spell v. McDaniel*,
  824 F.2d 1380 (4th Cir. 1987) ....................................................................................................7

*In re TransPerfect Global, Inc.*,
  2021 WL 1711797 (Del. Ch. Apr. 30, 2021) .........................................................................9, 10

*TransPerfect Global, Inc. v. Pincus*,
    278 A.3d 630 (Del. 2022) ...................................................................................................4, 9

*Two Men and a Truck/Intern., Inc. v. A Mover, Inc.*,
    128 F.Supp.3d 919 (E.D. Va. 2015) ..........................................................................................7

*West Willow-Bay Court, LLC v. Robino-Bay Court Plaza, LLC*,
    2009 WL 458779 (Del. Ch. Feb. 23, 2009) ...............................................................................3

*Western Insulation, L.P. v. Moore*,
    362 Fed.App'x 375 (4th Cir.2010) ............................................................................................2

*Woodland v. Viacom, Inc.*,
    255 F.R.D. 278 (D.D.C. 2008)...................................................................................................5

**Statutes**

28 U.S.C. § 1920..............................................................................................................................3, 10

Virginia Uniform Trade Secret Act ....................................................................................................1

**Other Authorities**

Fed.R.Civ.P. Rule 30(b)(6) ............................................................................................................2, 6

Fed.R.Civ.P. Rule 54(d)'s 14-day.....................................................................................................1

Rule 1.5(a)..........................................................................................................................................4

Rules of Prof'l Conduct R. 1.5(a)(1) .................................................................................................5

## I.    INTRODUCTION.

Mission Integrated Technologies, LLC ("MIT" or "Plaintiff") brought this lawsuit against Tim Clemente—MIT's former President who had provided his services without compensation for more than a decade—for five counts, including breach of fiduciary duty, misappropriation of trade secrets, business conspiracy, fraud, and breach of contract. All of MIT's claims were dismissed by the Court, and Tim Clemente has fully prevailed in this litigation.

MIT's primary claim against Tim Clemente, its trade secret claim in Count II, was dismissed on May 7, 2024, *see* ECF# 74, when MIT was forced to concede the claim after its corporate representative testified that MIT has no knowledge of facts necessary to establish a prima facie case under the Virginia Uniform Trade Secret Act. On June 14, 2024, the Court entered summary judgment in favor of Defendant Timothy Clemente on three of the four remaining claims brought against him, including claims of breach of fiduciary duty, common law fraud, and business conspiracy. ECF# 108. Days later, Plaintiff dismissed the final claim against Tim Clemente for breach of contract. ECF # 109.  On July 10, 2024, the Court entered judgment on the last remaining claim in this matter—Josh Clemente's patent infringement counterclaim against MIT—which started Fed.R.Civ.P. Rule 54(d)'s 14-day period in which Tim Clemente could seek costs and attorney's fees. ECF# 141.

Tim Clemente is a retired FBI agent, and the financial burden of defending against MIT's claims was significant. He now seeks reimbursement for his reasonable attorney's fees, costs, and expenses on the grounds that he is a "prevailing party" under the fee shifting provisions Section 15(G) of the MIT Operating Agreement. As discussed in detail below, the fees, costs, and expenses Tim Clemente incurred during this litigation include the time and expense required to: (1) research and respond to MIT's requests for production of documents; (2) secure MIT's compliance with its discovery obligations by producing documents relating to its damages, and Tim Clemente's other

written discovery requests; (3) brief and argue discovery motions; (4) take and defend the depositions of six witnesses, including a corporate deposition of Plaintiff under Fed.R.Civ.P. Rule 30(b)(6); (5) brief and argue Tim Clemente's motion for summary judgment; (6) attempt to negotiate a reasonable settlement of the matter, including appearing for two separate day-long judicial settlement conferences before the Honorable Magistrate Judge William Porter; (7) prepare for trial, including listing trial exhibits, serving objections to Plaintiff's trial exhibits, and designating deposition testimony to be used at trial; (8) prepare this fee application; and (9) to otherwise protect the interests of Tim Clemente.    For the reasons set forth below, Tim Clemente seeks reimbursement of his reasonable attorney's fees in the amount of $394,488, and reimbursement of costs and expenses incurred in this litigation in the amount of $23,473.

## II.    LEGAL STANDARD.

### A.    The Court Should Award Tim Clemente The Attorney's Fees And Costs He Incurred In Defending Against Plaintiff's Claims.

#### 1.    Tim Clemente Is A Prevailing Party Under The Fee Shifting Provision In MIT's Operating Agreement.

As the Court has resolved all of MIT's claims in his favor, Tim Clemente is a "prevailing party" entitled to reimbursement of his attorney's fees, costs, and expenses under the broad terms of the fee shifting provision in MIT's Operating Agreement.[1]

Delaware law applies to the interpretation of the Operating Agreement's fee shifting provision. *See* Ex. B, § 15(J) (selecting Delaware law to govern the Operating Agreement); *see also Western Insulation, L.P. v. Moore,* 362 Fed.App'x 375, 379 (4th Cir.2010) ("As this case is a diversity action based on state contract law, the contract, including its provisions on attorneys' fees, is to be interpreted using state law."). Under Delaware law, a "prevailing party" is one who

---

[1] A true and correct copy of the Operating Agreement is attached hereto as **Exhibit B**.

predominates in the litigation, *Comrie v. Enterasys Networks, Inc.*, 2004 WL 936505, at \*2 (Del. Ch. Apr. 27, 2004), regardless of whether that party receives a final judgment in its favor. *See, e.g., See Owen v. Tavistock Civic Assoc., Inc.*, 2019 WL 1349656, at \*3 (Del. Ch. Mar. 26, 2019) (rejecting defendant's argument that "there is no prevailing party" when the defendant takes steps to "moot[] the main issue while [a] case [is] pending").

Delaware law is "more contractarian than that of many other states" and "parties' contractual choices are respected." *GRT, Inc. v. Marathon GTF Technology, Ltd.,* 2011 WL 2682898, at \*12 (Del. Ch. July 11, 2011). Under Delaware law, courts will construe a contractual fee shifting provision as written. *Blattman v. Siebel,* 2021 WL 7411946 (D. Del. Aug. 10, 2021). "Absent any qualifying language that fees are to be awarded claim-by-claim or on some other partial basis, a contractual provision entitling the prevailing party to fees will usually be applied in an all-or-nothing manner." *West Willow-Bay Court, LLC v. Robino-Bay Court Plaza, LLC,* 2009 WL 458779, at \*8 (Del. Ch. Feb. 23, 2009).

Here, the Operating Agreement's fee shifting provisions are found in Section 15(G), which is triggered when a party prevails in "any litigation" "arising as a result of or by reason of [the Operating Agreement]." Ex. B, at § 15(G). The party may then seek reimbursement for all "reasonable attorneys' fees, and all other costs and reasonable expenses incurred in connection with . . . resolving such dispute." *Id.* The broad drafting of this provision extends the right of reimbursement for litigation costs and expenses far beyond that which is permitted under 28 U.S.C. § 1920. Moreover, it also extends to all fees, costs, and expenses incurred in resolving the "*dispute*"—meaning that the right to reimbursement is not limited to prevailed-upon claims which were expressly brought under the Operating Agreement. Indeed, Section 15(G) provides an "all or nothing" right of reimbursement to a prevailing party, similar to the provision at issue in *Brandin*

3

*v. Gottlieb*, 2000 WL 1005954, at *27 (Del. Ch. July 13, 2000). In *Brandin*, a settlement agreement provided a prevailing party "in any action, suit, or proceeding relating to this Agreement ... all of its reasonable legal fees and disbursements incurred in ... connection with such action, suit or proceeding." *Id.* at *28. The court noted that the parties were sophisticated in drafting the agreement, and that the language agreed upon "eschewed a claim-by-claim approach by failing to insert any language in the contract that would authorize the court to exercise discretion to award less than "all" the prevailing party's fees in a case where the prevailing party had achieved a less than full victory." *Id.; see also Comrie*, 2004 WL 936505, at *3 ("[R]easonableness should be assessed by reference to legal services purchased by those fees, not be reference to the degree of success achieved in the litigation.").

There can be no question that Plaintiff's Amended Complaint was "a result of or by reason of" the Operating Agreement. Indeed, in Count I of the Amended Complaint, MIT purports to have brought a claim against Tim Clemente for breach of his fiduciary duty set forth in the Operating Agreement. ECF#25. By succeeding in the defense of all claims Plaintiff brought against him, Tim Clemente is unmistakably a prevailing party. Accordingly, because Tim Clemente's attorney's fees, costs, and expenses request is reasonable, as explained below, Section 15(G) entitles him to full reimbursement in the amounts sought.

**B.**    **Tim Clemente's Attorney's Fees And Costs Were Reasonably Incurred In The Defense Of Claims Brought In This Action.**

Under Delaware law, the determination of a reasonable fee award is a matter for the trial court's discretion. *TransPerfect Global, Inc. v. Pincus*, 278 A.3d 630, 653 (Del. 2022). Courts assessing the reasonableness of a fee award under a contractual fee-shifting provision consider the factors set forth in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct, which include:

4

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

*Mahani v. Edix Media Grp., Inc.*, 935 A.2d 242, 246 (Del. 2007) (citing Del. Lawyers' Rules of Prof'l Conduct R. 1.5(a)(1)). Delaware's *Mahani* factors are consistent—if not virtually identical—to the Fourth Circuit's twelve-factor standard for determining the reasonableness of an award of attorney's fees. *See Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243 (4th Cir. 2009); *Evergreen Sports, LLC v. SC Christmas, Inc.*, 2013 WL 6834643, at *8, 9 n.12 (E.D. Va. Dec. 20, 2013) (considering both *Robinson* and *Mahani* factors in determining the reasonableness of attorney's fees under a Delaware fee shifting provision and noting *Mahani* represented a "similar computational methodology governed by analogous factual considerations"). An award of attorney's fees and costs is fully justified under both *Mahani* and the Fourth Circuit's twelve-factor test.

### 1. Tim Clemente's Attorney's And Legal Staff Expended A Reasonable Number Of Hours Prosecuting This Case.

Hours expended are reasonable if the work is "useful and of a type ordinarily necessary" to secure the result obtained. *Woodland v. Viacom, Inc.*, 255 F.R.D. 278, 283 (D.D.C. 2008). A fee petition need not "record in great detail how each minute of [an attorney's] time was expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). Instead, a petition is sufficiently detailed it if lists the date the activity was performed, the attorney who performed the work, a description of the activity, and the amount of time expended on the activity. *Id.*

Here, as of June 30, 2024, Tim Clemente's attorneys and legal staff at Troutman Pepper worked a total of 933.1 hours on this case. As explained in the attached declarations from Matthew V. DelDuca, and Edward Lee Isler, attached hereto as **Exhibits A** and **G**, respectively, the time and labor expended are reasonable in consideration of Tim Clemente's success on all claims against him. The billing entries, attached as **Exhibit E**, detail the date work was performed, the amount of time spent, and a summary of the work performed.  The time reflected on the statement of services was necessary to (1) research and respond to MIT's requests for production of documents; (2) secure MIT's compliance with its discovery obligations by producing documents relating to its damages, and Tim Clemente's other written discovery requests; (3) brief several discovery motions; (4) take and defend the depositions of six witnesses, including a corporate deposition of Plaintiff under Fed.R.Civ.P. Rule 30(b)(6); (5) brief and argue Tim Clemente's motion for summary judgment; (6) attempt to negotiate a reasonable settlement of the matter, including appearing for two separate day-long judicial settlement conferences before the Honorable Magistrate Judge William Porter; (7) prepare for trial, including listing trial exhibits, serving objections to Plaintiff's trial exhibits, and designating deposition testimony to be used at trial; (8) preparing this fee application; and (9) to otherwise protect the interests of Tim Clemente. *See* DelDuca Decl., ¶ 12. A Bill of Costs is also attached as **Exhibit H.**

For these reasons, the Court should find that the number of hours Tim Clemente's legal professionals spent on this case is reasonable and award Tim Clemente the full amount of his fees and costs.

### 2. Tim Clemente's Attorney's And Legal Staff Charged Reasonable Rates For The Work They Performed.

A reasonable rate is computed based on the prevailing market rates for similar services in the relevant community by lawyers of comparable skill, experience, and reputation. *Blum v.*

*Stevenson*, 465 U.S. 886, 904 n.11 (1984). The Fourt Circuit has recognized three specific methods by which a fee applicant may prove the amount of the rate to be used in calculating a fee award: "The prevailing market rate may be established through [declarations] reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent fee awards by courts in comparable cases; and specific evidence of counsel's actual billing practice or other evidence of the actual rates which counsel can command in the market." *Spell v. McDaniel,* 824 F.2d 1380, 1402 (4th Cir. 1987).

Moreover, this Court has regularly relied upon the *Vienna Metro Matrix* as a reasonable indication of appropriate hourly rates for lawyers in Northern Virginia. *See Cho v. Joong Ang Daily News Washington, Inc.,* 2020 WL 1056294, at *4 (E.D. Va. Mar. 4, 2020). Under the *Vienna Metro* matrix, the appropriate hourly rates in the Northern Virginia area based on years of experience are as follows: a) 1-3 years of experience: $250-435; b) 4-7 years of experience: $350-600; c) 8-10 years of experience: $465-640; d) 11-19 years of experience: $520-770; e) 20+ years of experience: $505-820; f) Paralegal: $130-350. *Id.; see Two Men and a Truck/Intern., Inc. v. A Mover, Inc.,* 128 F.Supp.3d 919, 927 (E.D. Va. 2015) (finding reasonable a rate of $600 per hour for a partner, $400 per hour for an associate, and $250 per hour for a paralegal).

During this case, attorneys and legal staff at Troutman Pepper provided Tim Clemente services at the following rates (with total time billed and years of experience included):

| Name/Position | Years of Experience | Total Time Billed | Reduced Hourly Billing Rate |
|---|---|---|---|
| Matthew V. DelDuca/Partner | 37 years | 151.2 hours | $500 |
| Andrew Henson/Sr. Associate | 9 years | 601.7 hours | $500 |
| Blake Brettschneider/Associate | 2-3 years | 55.3 hours | $400 |
| Michael Berdan/Associate | 1-2 years | 47.8 hours | $400 |
| Chip McGee/Sr. Discovery Attorney | 8 years | 21.8 hours | $380, $357.83, $342 |

7

| Scott Ahn/Discovery Attorney | 17 years | 8.1 hours | $243 |
| Rose Spagnoli/Research Librarian | 5 years | 15.3 hours | $272 |

Here, the attorney's fees and costs Tim Clemente incurred in this litigation are reasonable. Specifically, the rates Troutman Pepper charged Tim Clemente are reasonable given the skill and experience of the attorneys involved and the market rate in the Northern Virginia area for similar legal services. DelDuca Decl., at ¶ 10. These rates are also fully consistent with the ranges of rates and experience levels identified as reasonable in *Vienna Metro*. Nevertheless, Tim Clemente has voluntarily agreed to reduce the rates of certain attorneys reflected above on the recommendation of Edward Lee Isler, who Tim Clemente engaged to review the reasonableness of Troutman Pepper's rates and overall hours in connection with this Motion. *See* Isler Decl. at ¶¶ 21-27. At Mr. Isler's recommendation, Tim Clemente is modifying his request for attorney's fees in the following manner: i) reducing the requested rate for Associate Attorney Blake Brettschneider's services from $400 per hour to $325 per hour; ii) reducing the requested rate for Associate Attorney Michael Berdan's services from $400 per hour to $315 per hour; iii) reducing the requested hourly rate for Senior Discovery Attorney Chip McGee's services to $300 per hour; and iv) reducing the requested rate for Research Librarian Rose Spagnoli's services from $272 per hour to $200 per hour. DelDuca Decl. ¶¶ 17-18.  Taking into account the reductions in hourly rates recommended by Mr. Isler, Tim Clemente's request for attorney's fees is reduced by $10,274.10.

As noted above, Troutman Pepper attorneys and staffed billed a total of 933.1 hours in this case. There were other Troutman Pepper lawyers and administrative staff who worked on the case, including Scott Bergeson, Zoya Davis, Trey Harrell, Adam Kaddoura, Daniel Lynch, Celeste Reim, Stephen Simmons, Shauna Tucker, Ryan Vendenbroeck, and Diana Wilson, who collectively billed 32.4 hours to this matter. However, Tim Clemente has voluntarily chosen not to seek reimbursement for attorney and administrative staff time spent by the foregoing individuals

8

(totaling $4,756.80). Tim Clemente is also not seeking reimbursement for time spent by his attorneys traveling to the courthouse or traveling to a deposition ($7,150), and providing other services that are unrelated to the litigation ($1,350), and one instance of research performed by a junior associate, Blake Brettschneider ($1,600). With these reductions, and additional amount of $14,857 is eliminated from the Motion. DelDuca Decl. 16; Isler Decl. ¶ 36.

After applying the voluntary reductions identified above, Tim Clemente seeks reimbursement of his reasonable attorney's fees incurred for a total amount of $394,487.60. This fee is reasonable for all of the reasons identified above, and in the supporting declarations of Messrs. DelDuca and Isler.

**C.**      **Tim Clemente's Costs And Expenses Were Reasonably Incurred In The Defense Of Claims Brought In This Action.**

Delaware courts have recognized that "the scope of 'costs' to be allowed may be expanded by agreement of the parties." *Comrie*, 2004 WL 936505, at *4. Here, the contractual cost shifting provision in the Operating Agreement provides a broad right of reimbursement to the prevailing party for "*all other costs and reasonable expenses* incurred in connection with . . . resolving such dispute." Ex. B, at § 15(G) (emphasis added). Courts have recognized that a right to recover "expenses" "has a legally recognized broader definition than costs." *See In re TransPerfect Global, Inc.,* 2021 WL 1711797, at *30 (Del. Ch. Apr. 30, 2021). Under Delaware law, courts have defined "expenses" by reference to the Delaware Lawyers' Rules of Professional Conduct and opinions from the ABA Committee on Ethics and Professional Responsibility, which have recognized that "lawyers may pass on reasonable charges for in-house services, such as "photocopying, computer research, on-site meals, deliveries and other similar items."" *Id.* For this reason, the Delaware Court of Chancery in *TransPerfect Global* interpreted a right to recover "expenses" to extend

9

beyond the typical understanding of "costs", and included reimbursement for eDiscovery costs, travel and out-of-town meals, WestLaw research, copying, and word processing charges. *Id.; see also Lillis v. AT&T Corp.*, 2009 WL 663946, at \*6-7 (Del. Ch. Feb. 25, 2009) (permitting reimbursement for attorney travel time and WestLaw charges, where a contract required a party to pay "all costs and expenses (including attorney's fees and disbursements").

Here, Tim Clemente is entitled under the Operating Agreement to recover "*all other costs and reasonable expenses*" he incurred in this litigation. Ex. B, § 15(G). This right is far broader than his right to recover costs under 28 U.S.C. § 1920. A list of the total expenses and costs sought in this matter are attached hereto as **Exhibit H** and **I,** which amount to  $23,473. These costs and expenses include filing fees ($75), court reporter and transcript costs ($15,419.40), eDiscovery costs ($7,649.13), and outside courier costs ($329.35). *See* Ex. H & I. Tim Clemente does not seek reimbursement for his travel and accommodations. The costs and expenses claimed in this application are correctly stated and were actually and necessarily incurred in the course of this litigation. *See* DelDuca Decl. ¶¶ 19-29.

10

## III.    CONCLUSION

For the foregoing reasons, Tim Clemente respectfully requests that the Court grant his

Motion for Attorney's Fees, Costs, and Expenses and award him $417,960.


TIMOTHY G. CLEMENTE

By /s/ Andrew J. Henson
       Andrew J. Henson, VSB No. 95622
       andrew.henson@troutman.com
       Troutman Pepper Hamilton Sanders LLP
       P. O. Box 1122
       Richmond, Virginia 23218-1122
       (804) 697-1200
       FAX (804) 697-1339
       *Counsel for Timothy G. Clemente*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of July, 2024, a true and accurate copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Laurin H. Mills
Brian P. Donnelly
Werther & Millers, LLP
2121 Eisenhower Avenue, Suite 608
Alexandria, VA  22314
laurin@werthermills.com
bdonnelly@werthermills.com

Rebecca LeGrand
Legrand Law PLLC
1100 H Street NW, Suite 1220
Washington, DC  20005
rebecca@legrandpllc.com

/s/  Andrew J. Henson
Andrew J. Henson

12

172769272v2