IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MISSION INTEGRATED TECHNOLOGIES,     )
    LLC,     )
    )
            Plaintiff,     )
    )     1:23-cv-1608 (LMB/WBP)
        v.     )
    )
JOSHUA R. CLEMENTE, et al.,     )
    )
            Defendants.     )

<u>MEMORANDUM OPINION</u>

This matter comes before the Court on defendant Timothy G. Clemente's ("Tim")[1]

Second Motion for Attorney's Fees, Costs, and Expenses ("Motion"), in which he seeks

$180,240 in attorney's fees and $6,869.23 in costs that he incurred in connection with

successfully defending against the appeal filed by plaintiff Mission Integrated Technologies,

LLC ("MIT") in the U.S. Court of Appeals for the Fourth Circuit. After reviewing the briefing

and hearing oral argument, the Court granted in part and denied in part Tim's Motion but took

under advisement the calculation of the actual amount of attorney's fees and costs to be awarded

to Tim. This Memorandum Opinion includes that calculation and the reasons supporting it.

I.

Because the Fourth Circuit's opinion carefully outlines the facts giving rise to the dispute

between the parties, see Mission Integrated Techs., LLC v. Clemente, 158 F.4th 554, 558–62

(4th Cir. 2025), this Memorandum Opinion will discuss only the procedural background relevant

to resolving the present Motion. On January 3, 2024, MIT filed an Amended Complaint which

---

[1] Because Tim's son, Joshua R. Clemente, was also named as a defendant in this action, this
Memorandum Opinion refers to defendant Timothy G. Clemente as "Tim."

asserted five claims against Tim: breach of fiduciary duties, misappropriation of trade secrets, business conspiracy, common-law fraud, and breach of contract. [Dkt. No. 25]. MIT eventually dismissed its misappropriation of trade secrets claim, [Dkt. No. 74], and Tim filed a Motion for Summary Judgment on all remaining counts, [Dkt. No. 79]. On June 14, 2024, the Court granted in part and denied in part Tim's Motion for Summary Judgment, allowing only MIT's breach of contract claim to go forward—a claim that MIT voluntarily dismissed a few days later. [Dkt. Nos. 108 & 109]. Tim subsequently filed a Motion for Attorney's Fees, Costs, and Expenses, [Dkt. No. 142], which this Court granted on September 16, 2024 and awarded Tim $356,097.60 in fees and $18,464.10 in costs, [Dkt. No. 165]. On September 23, 2024, MIT filed a Notice of Appeal, [Dkt. No. 167], and on November 12, 2025, the Fourth Circuit affirmed this Court's orders granting Tim's Motion for Summary Judgment and Motion for Attorney's Fees, Costs, and Expenses, Mission Integrated Techs., 158 F.4th at 570–71. The Fourth Circuit issued its mandate on December 4, 2025. [Dkt. No. 183].

Now before the Court is Tim's Second Motion for Attorney's Fees, Costs, and Expenses, which seeks to recover the attorney's fees and costs incurred since September 30, 2024 for "(1) pursu[ing] recovery of the First Award and complet[ing] the pre-appeal proceedings in the District Court; (2) participat[ing] in Fourth Circuit mediation, and drafting a mediation statement in support thereof; (3) analyz[ing] MIT's appellate briefs and cited authority; (4) research[ing] issues addressed in MIT's appeal; (5) draft[ing] Tim Clemente's response brief; (6) prepar[ing] for and attend[ing] oral argument before the Fourth Circuit, and (7) [] otherwise protect[ing] the interests of Tim Clemente." [Dkt. No. 186] at 2.

## II.

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v.

2

Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009).  Tim maintains that the lodestar

figure is $180,240 based on the services his attorneys provided and their hourly rates:

| Name, Position | Years of Experience | Total Time Billed | Reduced Hourly Rate |
|---|---|---|---|
| Matthew V. DelDuca, Partner | 38 years | 93.4 hours | $500 |
| Andrew Henson, Senior Associate | 10 years | 131 hours | $500 |
| Elizabeth Andrews, Counsel | 21 years | 18.9 hours | $750 |
| Patrick Houston, Associate | 8 years | 119.7 hours | $450 |

[Dkt. No. 186] at 8.  MIT does not dispute that Tim is entitled to recover certain fees and costs

incurred in defending this Court's judgment or that Tim is the prevailing party in this litigation.

MIT also does not dispute the hourly rates charged by Tim's attorneys, all of which the Court

finds to comport with the benchmark hourly rates set forth in Vienna Metro LLC v. Pulte Home

Corp., No. 1:10-cv-502, 2011 WL 13369780, at *6 (E.D. Va. Aug. 24, 2011); accord GW

Acquisition Co., LLC v. Pageland Ltd. Liab. Co., et al., 1:22-cv-255-LMB-JFA, Dkt. No. 215, at

6–7 (E.D. Va. Aug. 29, 2025).  Instead, MIT argues only that the hours expended by Tim's

counsel in connection with the appellate proceedings and post-appeal judgment collection efforts

were unreasonable and excessive.

Although determining the reasonableness of the lodestar figure is a matter committed to

the sound discretion of the trial judge, Lyle v. Food Lion, Inc., 954 F.2d 984, 988 (4th Cir.

1992), several important principles guide this Court's analysis.[2]  The first is the Fourth Circuit's

instruction "that a district court's discretion should be guided by the following twelve factors":

---

[2] The parties agree that the analysis remains the same whether the Court applies federal, Virginia, or Delaware law.  [Dkt. No. 186] at 5–6; [Dkt. No. 193] at 3 n.3.

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson, 560 F.3d at 243–44 (quoting Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (1978)). Second, courts "should exclude from the initial fee calculation hours that were not reasonably expended," and "hours that are not properly billed to one's client also are not properly billed to one's adversary." Zuraf v. Clearview Eye Care, Inc., 261 F. Supp. 3d 637, 642 (E.D. Va. 2017) (cleaned up). Third, courts "may identify and subtract any hours that appear excessive, duplicative, or unnecessary." BiotechPharma, LLC v. W.H.P.M., Inc., No. 1:11-cv-444, 2012 WL 253090, at *3 (E.D. Va. Jan. 26, 2012). Fourth, "[v]ague task descriptions present [a] barrier to reasonableness review," and courts "faced with excessively vague or inadequate descriptions of tasks in fee claims have reduced fee claims by percentages ranging from 20% to 90%." Route Triple Seven Ltd. v. Total Hockey, Inc., 127 F. Supp. 3d 607, 621 (E.D. Va. 2015).

With those principles in mind, the Court turns to MIT's six specific objections to the number of hours expended by Tim's attorneys. First, MIT argues that the Court should exclude from its fee calculation all 18.9 hours billed by attorney Elizabeth Andrews ("Andrews"), "an experienced appellate specialist at Troutman Pepper who was engaged in a limited capacity to assist in developing strategy for Tim Clemente's appellate briefing and in preparing for oral argument before the Fourth Circuit." [Dkt. No. 186] at 9. According to MIT, Andrews's fees are not recoverable because "there is no evidence from [her] time entries that she added anything of value to the appeal." [Dkt. No. 193] at 13. Specifically, MIT points out that Andrews "had no involvement in the preservation of appellate issues at the District Court level, nor was she

involved in briefing any issues on appeal." Id. MIT also asserts that "[i]t is unclear what substantive experience, if any, [Andrews] brought to a matter involving Virginia law" given that she has been described on Troutman Pepper's website as a "licensed California appellate specialist." Id. at 13 n.4.

The Court agrees that Andrews's services were not necessary for Tim's representation. From her time entries, it appears that Andrews primarily drafted outlines for oral argument, prepared questions to ask during moot sessions, and attended moot sessions:

| FEES FOR PROFESSIONAL SERVICES RENDERED THROUGH 09/30/25 | | | | |
|---|---|---|---|---|
| Date | Tkpr | Description of Work Performed | Hours | Amount |
| 08/21/25 | E Andrews | Advance planning for oral argument | 0.6 | 660.00 |
| 08/25/25 | E Andrews | Review/analyze appellate briefs and record in preparation for drafting oral argument outline | 2.3 | 2,530.00 |
| 08/28/25 | E Andrews | Continue preparing outline of oral argument | 2.1 | 2,310.00 |
| 08/29/25 | E Andrews | Strategize regarding opposing counsel's request for leave to use demonstratives at oral argument | 0.3 | 330.00 |
| 09/03/25 | E Andrews | Continue preparing timeline/chronology with record citations for use at oral argument | 0.8 | 880.00 |
| 09/03/25 | E Andrews | Begin preparing questions for moot court | 0.2 | 220.00 |
| 09/04/25 | E Andrews | Prepare for and attend appellate oral argument moot | 2.1 | 2,310.00 |
| 09/06/25 | E Andrews | Strategize regarding various citations in appellee's brief and related oral argument preparation | 0.4 | 440.00 |
| 09/08/25 | E Andrews | Prepare for and attend second appellate oral argument moot session | 1.7 | 1,870.00 |
| 09/09/25 | E Andrews | Prepare for and attend third moot court in advance of appellate argument | 2.1 | 2,310.00 |
| 09/10/25 | E Andrews | Listen to/analyze appellate oral argument | 1.1 | 1,210.00 |
| | | Total: | 13.7 | 15,070.00 |

[Dkt. No. 186-2] at 49. Although large law firms typically employ appellate specialists, those services are a luxury, and a prevailing party cannot reasonably expect to recover those costs from his adversary. Accord P.N. v. Clementon Bd. of Educ., No. 3:02-cv-1351, 2007 WL 1186552, at *12 (D.N.J. Apr. 20, 2007) (finding five hours billed to two lawyers "in connection with the moot court excessive in light of the limited issues on appeal"); O'Sullivan v. City of Chicago, 484 F. Supp. 2d 829, 837 (N.D. Ill. 2007) ("The claims in this case were not so complex—indeed

they were not complex at all—that an expenditure of over $14,000.00 in fees . . . for a mock trial can be deemed compensable."). Therefore, the Court will sustain MIT's first objection and reduce Tim's fee request by $14,175.[3]

MIT's second objection relates to the 75.2 hours partner Matthew V. DelDuca ("DelDuca") billed for working on the appellate brief. According to MIT, the $37,600 billed for this work should be deducted from the fee calculation for three reasons. [Dkt. No. 193] at 11. First, MIT contends that there was "no reason" for DelDuca "to spend nearly two full attorney work weeks on a brief on which an associate and another partner [were] already staffed." Id. at 12. Second, MIT maintains that the appellate brief regurgitated many of the arguments raised in Tim's Motion for Summary Judgment, meaning that much of the time spent on Tim's appellate brief was duplicative. Id. at 6–7. Third, MIT argues that two of DelDuca's time entries demonstrate that his records are unreliable: On January 14, 2025, DelDuca billed 2.9 hours to "[w]ork on fact section of appeals brief" and then billed 4.1 hours two days later when he "[b]egan writing fact section of appeals brief." Id. at 12; [Dkt. No. 186-2] at 30. According to MIT, that discrepancy "is inherently unreliable and merits a substantial reduction." [Dkt. No. 193] at 12.

MIT's arguments as to why the Court should deduct $37,600 from the fee calculation are unpersuasive. As an initial matter, MIT has not established that DelDuca's time entries are unreliable. As Tim correctly argues, "[t]here is no inconsistency between 'working on' the facts section of the brief and later beginning to draft it" because "[m]ost attorneys organize and outline a section before putting words on the page." [Dkt. No. 194] at 9 n.3. Moreover, MIT's

---

[3] Although Tim did not address this discrepancy in his reply brief, MIT's request for a $16,065 reduction is inappropriate because Tim has only sought $14,175 in connection with Andrews's services. [Dkt. No. 186] at 8 & n.4 (representing that Andrews billed 18.9 hours at the reduced hourly rate of $750 per hour).

arguments ignore the fact that DelDuca reduced his rate to $500 per hour for the purposes of this litigation. Under the Vienna Metro matrix, DelDuca, a partner with 38 years of experience, could have charged as much as $820 per hour for his services. See Cho v. Joong Ang Daily News Wash., Inc., No. 1:18-cv-1062, 2020 WL 1056294, at *4 (E.D. Va. Mar. 4, 2020). That DelDuca reduced his hourly rate to $500 per hour supports the conclusion that the lodestar calculation as to the time DelDuca spent writing the appellate brief was reasonable.

Although a $37,600 discount is unsupported, the Court finds that a 20% reduction ($7,520) as to the fees charged in connection with DelDuca's work on the appellate brief is warranted because Tim's counsels' time sheets reveal that other attorneys, including senior associate Andrew Henson ("Henson") and associate Patrick Houston ("Houston"), also worked on the appellate brief, demonstrating that Tim's attorneys duplicated work. See [Dkt. No. 186-2] at 30. A reduction is also warranted because preparing Tim's appellate brief should not have required new and extensive research. As MIT correctly points out, "[t]he only significant additions" to the brief were sections on "the standards of review on appeal . . . , application of Delaware law, and this Court's summary judgment analyses (which was entirely contained within a four hearing-transcript pages)." [Dkt. No. 193] at 7. Because Tim has already recovered fees in connection with briefing the summary judgment issues, it would be unfair to allow Tim to also recover substantial fees in connection with the appellate briefing, which advanced many of the same arguments as those made at the summary judgment stage. For these reasons, the Court will sustain MIT's second objection in part and reduce Tim's fee request by an additional $7,520.

Third, MIT argues that the Court should exclude from any fee award all of the time entries recorded by Henson and Houston containing the description "Revise appellee's brief" or "Draft appellee's brief," which totals $36,430 for 76.8 hours of work. [Dkt. No. 193] at 10, 15. According to MIT, these time entries are excessively vague and prohibit the Court from

7

determining whether the time spent by Henson and Houston was reasonable and necessary. Id. at 10–11. In response, Tim urges the Court to avoid applying "an overly exacting standard to [his] attorneys' time entries." [Dkt. No. 194] at 9. Tim contends that, although time entries must include "some fairly definite information," the entries need not identify "the precise activity to which each hour was devoted." Id. (citations omitted).

MIT's request for a 100% reduction is not supported by the caselaw. See, e.g., Route Triple Seven Ltd., 127 F. Supp. 3d at 621 ("Courts faced with excessively vague or inadequate descriptions of tasks in fee claims have reduced fee claims by percentages ranging from 20% to 90%."); Doe v. Alger, No. 5:15-cv-35, 2018 WL 4659448, at *9 (W.D. Va. Jan. 31, 2018) (R&R) (stating that a court must "strike a balance between the lack of specificity . . . and the unfairness of denying an otherwise proper fee award in its entirety"); Supinger v. Virginia, No. 6:15-cv-17, 2019 WL 1450530, at *6 (W.D. Va. Mar. 4, 2019) (R&R) (recommending a reduction in the fee request by 15% due to vague entries). Rather, the Court finds that a 25% reduction as to the 76.8 hours billed by Henson and Houston is appropriate because descriptions such as "drafting" and "revising" briefs "preclude[] the court, as well as opposing counsel, from making a fair evaluation of the time expended and the nature and need for the service." Route Triple Seven Ltd., 127 F. Supp. 3d at 621 (cleaned up); Personhuballah v. Alcorn, 239 F. Supp. 3d 929, 954 (E.D. Va. 2017) (listing "examples of excessively vague time entries found in the caselaw, such as 'research,' 'letter to client,' [and] 'revise discovery'"). Vagueness also prohibits courts from evaluating whether attorneys duplicated work, which is especially problematic where, as here, two attorneys billed a significant number of hours using the same generic descriptions for their work. Finally, as explained above, Tim's appellate brief reiterated many of the same arguments advanced in the summary judgment briefing. Because the Court "may identify and subtract any hours that appear . . . duplicative," BiotechPharma, 2012 WL

8

253090, at *3, the Court will sustain MIT's third objection in part and reduce Tim's fee request by an additional $9,107.50.[4]

Fourth, MIT argues that the $54,781 billed for 89.1 hours spent preparing for and attending oral argument before the Fourth Circuit is "unreasonably duplicative." [Dkt. No. 193] at 7. According to MIT, due to the overlap in issues raised in the summary judgment and appellate proceedings, the time spent in connection with the Fourth Circuit oral argument should be "commensurate with the time spent on oral argument for summary judgment." Id. at 15. Because this Court awarded Tim $15,650 (31.3 hours at $500 per hour) in fees incurred for arguing Tim's Motion for Summary Judgment, MIT maintains that Tim is entitled only to $15,650 in fees in connection with the appellate oral argument, which would result in a $39,131 reduction. Id. at 7, 15. In response, Tim contends that the 89.1 hours spent on oral argument preparation were reasonable because "MIT challenged every adverse ruling and presented seven separate issues to the Fourth Circuit," meaning that Tim's counsel "had to be ready to answer questions on each issue." [Dkt. No. 194] at 6.

MIT's request for a $39,131 reduction is excessive. Preparing for oral argument before the Fourth Circuit "is no doubt a challenging and time-consuming task," Personhuballah, 239 F. Supp. 3d at 952, and as Tim persuasively argues, it was MIT that opted to raise seven separate issues on appeal, which required Tim's counsel to prepare for argument as to each and every issue. That Tim's counsel was allotted only 10 minutes for oral argument before the Fourth Circuit is inapposite because the panel could have asked Tim's counsel questions related to any of the seven issues raised on appeal. Nonetheless, a 20% reduction ($10,956.20) as to the fees requested in connection with oral argument preparation is appropriate due to the overlap of the

---

[4] According to MIT, the 76.8 hours billed by Henson and Houston for "drafting" and "revising" Tim's appellate brief resulted in a $36,430 bill, and Tim does not contest that calculation. [Dkt. No. 193] at 10. A 25% discount would reduce the $36,430 bill by $9,107.50.

9

issues raised on appeal with those addressed in the summary judgment proceedings. See [Dkt. Nos. 80, 92, 99]; see also [Dkt. No. 194] at 4 (listing the seven issues on appeal). Therefore, the Court will sustain MIT's fourth objection in part and reduce Tim's fee request by an additional $10,956.20. Accord Project Vote/Voting for Am., Inc. v. Long, 887 F. Supp. 2d 704, 715 (E.D. Va. 2012) (stating that "extensive preparation by two attorneys for oral argument on appeal is [not] categorically duplicative" but finding that a 20% reduction was appropriate because some of the billing entries "exceed[ed] reasonableness and ordinary billing discretion").

MIT's fifth objection relates to the time Tim's counsel billed in preparing for and attending a virtual mediation session through the Fourth Circuit's mediation program. [Dkt. No. 193] at 7–8. MIT seeks a $7,425 reduction, arguing that Houston's and DelDuca's work in preparing and filing a mediation statement was highly duplicative. Id. at 8, 15. To support this proposition, MIT points to the following sequence of time entries:

| 10/10/24 | M DelDuca | Advise re mediation notice, mediation statement and joint representation issues | 1.5 | 750.00 |
|---|---|---|---|---|
| 10/10/24 | A Henson | Review Fourth Circuit order re mediation | 0.3 | 150.00 |
| 10/10/24 | A Henson | Call with M. DelDuca re strategy for Fourth Circuit mediation | 0.2 | 100.00 |
| 10/10/24 | P Houston | Review and analyze fourth circuit filings to determine upcoming deadlines and strategy for addressing same | 0.3 | 135.00 |
| 10/10/24 | P Houston | Discussion with A. Henson re upcoming mediation and strategy for drafting confidential mediation statement | 0.2 | 90.00 |
| 10/10/24 | P Houston | Draft and revise email to A. Henson and M. DelDuca outlining strategy for drafting confidential mediation statement | 0.2 | 90.00 |
| 10/15/24 | P Houston | Begin reviewing and analyzing pleadings, motions, briefing, docket, and previous mediation statement for use in drafting mediation statement for Fourth Circuit settlement conference | 1.8 | 810.00 |
| 10/16/24 | M DelDuca | Sent associate transcripts and communications from court and adversary and outlined arguments for draft mediation statement | 1.5 | 750.00 |
| 10/16/24 | P Houston | Begin drafting and revising mediation statement for Fourth Circuit settlement conference | 2.3 | 1,035.00 |
| 10/17/24 | P Houston | Continue drafting and revising confidential mediation statement | 1.0 | 450.00 |
| 10/18/24 | M DelDuca | Review draft mediation statement and begin revisions | 1.5 | 750.00 |
| 10/20/24 | P Houston | Review and revise Confidential Appellate Mediation Statement | 1.2 | 540.00 |
| 10/21/24 | M DelDuca | Finalize and file mediation statement | 5.0 | 2,500.00 |
| 10/21/24 | P Houston | Revise and finalize Confidential Appellate Mediation Statement and coordinate filing with mediator | 0.8 | 360.00 |

[Dkt. No. 186-2] at 22. In particular, MIT takes issue with DelDuca having billed 5.0 hours on October 21, 2024 to "[f]inalize and file [the] mediation statement" and Houston having billed 0.8

hours on that same day to "[r]evise and finalize [the] Confidential Appellate Mediation Statement and coordinate filing with [the] mediator." Id. According to MIT, a partner and an associate doing essentially the same work on the same day "is grossly out of line with the typical division of labor at a large law firm such as Troutman Pepper." [Dkt. No. 193] at 8. In response, Tim contends that the time billed in connection with the mediation was entirely reasonable because "the time entries reflect a partner (Mr. DelDuca) and an associate (Mr. Houston) working in tandem to prepare, draft, revise, and file a mediation statement." [Dkt. No. 194] at 8.

The Court finds Tim's argument to be persuasive. From the time entries related to the mediation, it appears that Houston drafted the mediation statement and periodically implemented DelDuca's feedback and revisions. For instance, the time sheets reflect that from October 17, 2024 to October 21, 2024, Houston worked on writing the mediation statement, DelDuca revised, and Houston incorporated DelDuca's edits. [Dkt. No. 186-2] at 22. As courts in this district have recognized, "[i]t is reasonable and customary for both associates to work on the same motion," and that time expenditure "is not duplicative, but appropriate." Mitile, Ltd. v. Hasbro, Inc., No. 1:13-cv-451, 2013 WL 5525685, at *2 (E.D. Va. Oct. 4, 2013) (R&R). For these reasons, the Court will overrule MIT's fifth objection.[5]

MIT's final objection relates to the 4.2 hours billed in November 2025 by Houston in connection with post-appeal judgment collection efforts. Although it is not entirely clear from the pleadings, it appears that MIT takes issue with the following two billing entries:

| 11/13/25 | P Houston | Analyze issues related to drafting Motion for Appellate Attorney's Fees and disbursal of existing security to satisfy judgment | 2.4 | 1,080.00 |
| 11/14/25 | P Houston | Draft Motion to Lift Stay and disburse judgment award | 1.8 | 810.00 |

---

[5] As explained above, that DelDuca reduced his rate to $500 per hour supports the conclusion that the lodestar calculation as to the time DelDuca spent on mediation preparation is reasonable.

[Dkt. No. 186-2] at 60.  According to MIT, that work was unnecessary because MIT consented to the release of the entire judgment amount, plus interest, after the Fourth Circuit affirmed this Court's decisions.  [Dkt. No. 193] at 14.  MIT asserts that if "Tim's counsel bothered to confer with [opposing] counsel before researching and preparing its Motion to Lift Stay and Disburse Judgment Award, it would have known there was no need for that work."  Id.  Tim did not address this argument in his reply brief and therefore has waived any potential responses.  See Alvarez v. Lynch, 828 F.3d 288, 295 (4th Cir. 2016).  Moreover, a prevailing party may not recover fees incurred as a result of his counsel failing to meet and confer.  For these reasons, the Court will sustain MIT's final objection and reduce Tim's fee request by an additional $1,890 (4.2 hours of work at Houston's rate of $450 per hour).

III.

For the reasons stated in open court as further explained in this Memorandum Opinion, an Order will issue awarding Tim a total of $143,460.53, which consists of $136,591.30 in attorney's fees[6] and $6,869.23 in costs and expenses[7] incurred in successfully defending against MIT's appeal.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

Entered this 28 day of May, 2026.

Alexandria, Virginia

/s/ _____
Leonic M. Brinkema
United States District Judge

---

[6] Tim requested a total of $180,240 in attorney's fees.  For the reasons explained above, the Court has deducted $14,175 in connection with Andrews's services; $7,520 in connection with DelDuca's time spent writing the appellate brief; $9,107.50 in connection with Henson's and Houston's writing the appellate brief; $10,956.20 in connection with oral argument preparation; and $1,890 in connection with the post-appeal judgment collection efforts.  Given those deductions, Tim will be awarded $136,591.30 in attorney's fees.

[7] Because MIT has not contested the amount of costs and expenses Tim has requested, and because the Court finds the costs to be reasonable, they will also be awarded.

12